IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| BOYD BUSHMAN, | § |
| | § |
| Plaintiff, | § |
| | § 4:01 - CV - 0498 - A |
| V | § NO. _____ |
| | § |
| LOCKHEED MARTIN TACTICAL | § |
| AIRCRAFT SYSTEMS, INC. d/b/a | § |
| LOCKHEED MARTIN AERONAUTICS | § |
| COMPANY, FORT WORTH; AND | § |
| LOCKHEED MARTIN CORPORATION, | § |
| AND JOE W. STOUT, | § |
| | § |
| Defendants. | § |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446(a), defendants notify the Court of the removal of the action styled <u>Boyd Bushman v. Lockheed Martin Tactical Aircraft Systems, Inc. d/b/a Lockheed Martin Aeronautics Company, Fort Worth, and Lockheed Martin Corporation, and Joe W. Stout</u>, Cause No 342-187397-01, filed in the 342nd Judicial District Court, Tarrant County, Texas (the "State Court Action"). As explained below, the grounds for removal are twofold: First, there is diversity jurisdiction because the only non-diverse defendant — Joe W. Stout — has been fraudulently joined.[1] Second, because Boyd Bushman's claims arise from conduct allegedly occurring on a federal enclave, the Court has federal-question jurisdiction.[2]

---

[1] See 28 U.S.C §§ 1332(a), 1441(a).

[2] See 28 U.S.C. §§ 1331, 1441

NOTICE OF REMOVAL - Page 1

## I. INTRODUCTION

**A.  Venue.**

1  Under 28 U.S.C § 1441(a), the State Court Action may be removed to the District Court for the Northern District of Texas, Fort Worth Division, because it is the United States District Court for the district and division embracing the place where the State Court Action is pending.

**B.  Timely Removal.**

2  Under 28 U.S.C § 1446(b), a notice of removal of a civil action must be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based  This Notice of Removal is timely because it is being filed within 30 days of the date the first defendant was served with process in the State Court Action.

**C.  Notice of Filing.**

3  In accordance with 28 U.S.C. § 1446(d), defendants will serve a copy of this Notice of Removal on counsel for the plaintiff and will file a copy with the clerk of the District Court of the State of Texas, Tarrant County, where the State Court Action is currently pending.

**D.  Required Attachments.**

4  In accordance with Local Rule 81.1, the following documents are attached as exhibits to this Notice of Removal

    Exhibit A - An index of documents filed in the State Court Action.

    Exhibit B - A copy of the docket sheet in the State Court Action.

    Exhibit C - Each document filed in the State Court Action.

    Exhibit D - A separately signed certificate of interested persons

## II. GROUNDS FOR DIVERSITY JURISDICTION

5. Removal is authorized because the State Court Action is a civil action in which this Court has original jurisdiction under 28 U.S.C. § 1332(a), and is one that the defendants may remove to this Court pursuant to 28 U.S.C. § 1441(a). The State Court Action is a civil action between citizens of different states because the only non-diverse defendant — Stout — has been fraudulently joined to defeat diversity

### A. Citizenship of the Parties.

6 In his Original Petition, Bushman alleges that is he a citizen of the State of Texas. *See Orig. Pet.* ¶ 2 1

7 Contrary to Bushman's allegations in the Original Petition (*see Orig. Pet.* ¶ 2.2), defendant Lockheed Martin Corporation is a corporation organized and chartered under the laws of the State of Maryland and maintains its principal place of business in Bethesda, Maryland. *See Declaration of John McGowan ("McGowan Decl.")* ¶ 3.[3]

8 Contrary to Bushman's allegations in the Original Petition (*see Orig. Pet.* ¶ 2.3), "Lockheed Martin Tactical Aircraft Systems, Inc. d/b/a Lockheed Martin Aeronautics Company" is not a corporation and has never been incorporated under the laws of any state *See* Exhibit E — *McGowan Decl.* ¶ 3, Exhibit F — Certificate of Texas Secretary of State. Indeed, a legal entity called "Lockheed Martin Tactical Aircraft System, Inc." simply does not exist and thus cannot be sued.[4] Lockheed Martin Tactical Aircraft Systems was an unincorporated division of Lockheed Martin Corporation in Fort Worth, Texas *See* Exhibit E — *McGowan Decl.* ¶ 3. On January 27, 2000, Lockheed Martin Corporation re-designated Lockheed Martin Tactical Aircraft Systems as

---

[3] The *McGowan Decl.* is attached as Exhibit E.

[4] *See Bailey v. Vanscot Concrete Co.*, 894 S.W 2d 757, 579 (Tex. 1995) ("Civil suits may be maintained only by or against parties having an actual or legal existence ")

NOTICE OF REMOVAL - Page 3

Lockheed Martin Aeronautics Company as part of a corporate reorganization. *See* Exhibit E — *McGowan Decl.* ¶ 3  Lockheed Martin Aeronautics Company also is not a corporation and has never been incorporated under the laws of any state; instead, it is an unincorporated division of Lockheed Martin Corporation. *Id.*  Accordingly, Lockheed Martin Aeronautics Company (and before it Lockheed Martin Tactical Aircraft Systems) has the same citizenship (State of Maryland) and principal place of business (Bethesda, Maryland) as Lockheed Martin Corporation.

9  As an individual residing in Tarrant County, Texas (*see Orig. Pet.* ¶ 2 4), Stout is a citizen of the State of Texas. But as set forth below, his citizenship should be disregarded under the doctrine of fraudulent joinder  Based on the facts alleged in the Original Petition, there is no possibility that Bushman could prevail on his negligence claim against Stout.

10  Once the Court properly disregards Stout's citizenship, there is complete diversity among the parties both at the time Bushman filed the Original Petition and at the time of removal. Therefore, because Bushman and all properly joined defendants are citizens of different states, this Court has subject-matter jurisdiction over this action based on diversity of citizenship between the parties pursuant to 28 U.S.C § 1332(a).

**B.   Amount in Controversy.**

11  Bushman's claims against the defendants in the State Court Action exceed the sum of $75,000, exclusive of interest and costs  Although the Original Petition does not specify an amount of damages, it is facially apparent, based on the following allegations in the Original Petition, that Bushman seek damages in excess of $75,000

    a   Bushman asserts a claim for breach of contract, seeking payments under an "Invention Agreement" allegedly entered into between himself and Lockheed Martin and Lockheed Martin Tactical Aircraft Systems, Inc. d/b/a Lockheed Martin Aeronautics Company  *See Orig. Pet.* ¶¶ 5.2-5.5. He seeks an accounting but asserts that "[o]n information and belief the damages may be more than one billion dollars." *Id.* ¶ 5.4. He also seeks attorney's fees of $300 per hour under the Texas Civil Practice and Remedies Code. *Id.* ¶ 5 4,

b      Bushman asserts a claim for unjust enrichment. *See Orig. Pet.* ¶¶ 5.6-5.10. He seeks an accounting but asserts that "[o]n information and belief the damages may be more than one billion dollars." *Id.* ¶ 5.10. He also seeks interest and costs. *Id.*;

c      Bushman alleges that he lost his security clearance from the U.S. Department of Defense (DOD) and ultimately his job because defendants negligently failed to follow security guidelines issued by the U.S. DOD before allowing him to participate in two interviews with *Janes Defence Weekly*, a military armament and weapon news reporting company in England. *See Orig. Pet.* ¶¶ 5 18-5 26   He further alleges that he has been unemployed since April 2000  *Id.* ¶ 4 45. At the time of his layoff, he earned $66,300 per year. *See* Exhibit E — *McGowan Decl.* ¶ 4, Ex. 1. Bushman seeks damages for the loss of his employment income and his alleged inability to gain employment because the actions and inactions of defendants  *See Orig. Pet.* ¶ 5.26; and

d      Bushman seeks recovery of exemplary damages  *See Orig. Pet.* ¶ 5.27

12      A pre-suit letter from Bushman's counsel likewise indicates that Bushman seeks damages well in excess of $75,000   The letter demanded the following amounts in settlement of Bushman's claims:

1      Lockheed pay the present day cash value of [Bushman's] future income over the next seven (7) years as a full release from the claims of improper termination, conspiracy, intentional infliction of emotional distress and punitive damages - $350,000.00,

2.     Lockheed purchase the future rights to income of all kind and description from the current patented technologies and systems - $5,000,000.00; and

3      Lockheed patent the eight (8) technologies which were presented by Mr. Bushman prior to his termination, give quarterly accounting and pay according to the terms of the Inventor's Agreement <u>or</u> release all technologies to Mr Bushman and he will enter into a contract to pay Lockheed the same benefits that he has guaranteed under the Inventor's Agreement or buyout Mr Bushman's income rights to the technologies for $8,000,00 00.

*See* Exhibit E — *McGowan Decl.* ¶ 5, Ex. 2.

13  It thus is apparent that the amount in controversy exceeds $75,000, exclusive of interest and costs.[5] Accordingly, all of these circumstances demonstrate that the amount-in-controversy requirement of 28 U.S.C. § 1332(a) is met.

### III. STOUT HAS BEEN FRAUDULENTLY JOINED

14  For purposes of determining diversity jurisdiction, the Court should disregard the citizenship of defendants who have been fraudulently joined.[6] To establish that a defendant has been fraudulently joined, the removing party must show by clear and convincing evidence that there is no possibility that the plaintiff will be able to recover under the cause of action alleged or that there has been fraud in the pleading of jurisdictional facts.[7] In determining the existence of fraudulent joinder, "the district court may look to the facts as established by summary judgment evidence, as well as the controlling state law."[8] That is, the district court should consider not only the pleadings, but the parties' summary-judgment type evidence, such as affidavits, in determining whether there is any arguably reasonable basis for recover against a defendant.[9]

15  Bushman alleges that defendants negligently failed to follow U.S. DOD security procedures that were designed to protect against the release of classified or otherwise sensitive information before allowing him to participate in the *Janes Defence Weekly* interviews, and that, as a result, he lost his U.S. DOD security clearance and ultimately his job. *See Orig. Pet.* ¶¶ 5.18-5.26.

---

[5] *See Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995) (where plaintiff's complaint does not allege a specific amount of damages, the removing defendant may establish the amount in controversy by setting forth facts, in the removal petition or by affidavit, that support a finding of the requisite amount).

[6] *See Rodriguez v. Sabatino*, 120 F.3d 589, 591 (5th Cir. 1997) (upholding removal because plaintiff could not possibly prevail in negligence suit), *cert. denied*, 118 S. Ct. 1511 (1998); *Carriere v. Sears Roebuck & Co.*, 893 F.2d 98, 100-101 (5th Cir.) (upholding removal where no possibility of recovery against non-diverse defendant), *cert. denied*, 498 U.S. 817 (1990); *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 550 (5th Cir. 1981).

[7] *See Carriere*, 893 F.2d at 100; *B., Inc.*, 663 F.2d at 550; *Parks v. New York Times Co.*, 308 F.2d 474, 478 (5th Cir. 1962), *cert. denied*, 376 U.S. 949 (1964).

[8] *Carriere*, 893 F.2d at 100.

[9] *Id.*; *B., Inc.*, 663 F.2d at 549.

16      The Texas Supreme Court has stated that common-law negligence "consists of three essential elements—a legal duty owed by one person to another, a breach of that duty, and damages proximately resulting from the breach."[10] "Duty is the threshold inquiry . . ."[11] Because the existence of a duty is an essential element of a negligence cause of action,[12] the mere failure to exercise reasonable care does not *ipso facto* give rise to a cause of action for negligence.[13] The nonexistence of a duty ends the inquiry into whether negligence liability may be imposed.[14] The existence of a duty is a threshold question of law.[15]

17      In general, a Texas employer owes no duty of reasonable care to at-will employees with respect to continued employment.[16] To impose upon a Texas employer a previously unrecognized duty of care to follow its own policies or practices and not to negligently discharge an at-will employee would effectually abrogate the at-will doctrine.[17]

---

[10] *El Chico Corp. v. Poole*, 732 S.W.2d 306, 311 (Tex.1987).

[11] *Id.*

[12] *See Centeq Realty, Inc. v. Siegler*, 899 S.W.2d 195, 197 (Tex. 1995).

[13] *Garcia v. Allen*, 28 S.W.3d 587, 591 (Tex. App — Corpus Christi 2000, pet. denied).

[14] *Van Horn v. Chambers*, 970 S.W.2d 542, 544 (Tex. 1998)

[15] *Id.*; *St. John v. Pope*, 901 S.W.2d 420, 424 (Tex. 1995); *Bird v. W.C.W.*, 868 S.W.2d 767, 769 (Tex. 1994).

[16] *See, e.g., Wal-Mart, Inc. v. Lane*, 31 S.W.3d 282, 294 (Tex. App. — Corpus Christi 2000, no pet. h.) (explaining that an employer owes no duty of reasonable care to at-will employees in conducting workplace investigations); *Garcia*, 28 S.W.3d at 591 (same), *Sibley v. Kaiser Foundation Health Plan of Texas*, 998 S.W.2d 399, 403 (Tex. App. —Texarkana 1999, no pet. h.) (same); *Rios v. Texas Commerce Bancshares, Inc.*, 30 S.W.2d 809, 816 (Tex. App — Corpus Christi 1996, writ denied) (same); *Figueroa v. West*, 902 S.W.2d 706, 706 (Tex. App. — El Paso 1995, no writ), *Shell Oil Co. v. Humphrey*, 880 S.W.2d 170, 175-77 (Tex. App — Houston [14th Dist.] 1994, writ denied), *Palmer v. Miller Brewing Co.*, 852 S.W.2d 57, 63 (Tex. App. — Fort Worth 1993, writ denied) (holding that employer has no duty to investigate reasons for chronic absences prior to terminating employee); *Jones v. Legal Copy, Inc.*, 846 S.W.2d 922, 935 (Tex. App — Houston [1st Dist.] 1993, no writ).

[17] *Garcia*, 28 S.W.3d at 591; *see also City of Midland v. O'Bryant*, 18 S.W.3d 209, 216 (Tex. 2000) ("A court-created duty of good faith and fair dealing would completely alter the nature of the at-will employment relationship, which generally can be terminated by either party for any reason or no reason at all, and we accordingly decline to change the at-will nature of employment in Texas").

NOTICE OF REMOVAL - Page 7

18. Bushman was an at-will employee. *See* Exhibit E — *McGowan Decl.* ¶ 4. Lockheed Martin Corporation therefore owed no duty of care to with respect to his continued employment, including following the procedures he pleads were violated  It follows that, if Lockheed Martin Corporation owed no such duty, then neither did its employee Stout.

19. Moreover, even if Lockheed Martin Corporation arguably owed a duty of reasonable care to Bushman, Stout could not be personally liable for negligently failing to perform that duty unless he owed an independent duty of care to Bushman apart from Lockheed Martin Corporation's duty [18] But under circumstances such as these involving employment policies and procedures, Stout would only owe such a hypothetical duty in his official capacity as an employee of Lockheed Martin Corporation, not in his individual capacity.[19]  Thus, Bushman has absolutely no possibility of recovering against Stout for negligence

20  In short, Stout has been fraudulently joined, and his citizenship should be disregarded for purposes of determining diversity jurisdiction.

## IV. GROUNDS FOR FEDERAL QUESTION JURISDICTION

21  Removal is also proper under 28 U S C. § 1441 because Bushman's Original Petition in the State Court Action asserts claims presenting a federal question under 28 U.S.C. § 1331. Where a plaintiff's pleading asserts federal claims, removal is proper under the well-pleaded-complaint rule [20]

22  During the relevant time period, Bushman was employed at the Fort Worth Lockheed Martin facility, also known as Air Force Plant No. Four, which is located on land owned by the federal government. *See McGowan Decl.* ¶ 6. The facility was previously occupied by General

---

[18] *See Leitch v Hornsby*, 935 S W 2d 114, 117 (Tex. 1996)

[19] *See id* at 118.

[20] *See Rivet v. Regions Bank*, 520 U S. 470, 475 (1998).

NOTICE OF REMOVAL - Page 8

Dynamics Corporation, Convair Aerospace Division. *Id.* Because Plaintiff's claims arise from conduct allegedly occurring on this federal enclave, the Court has federal-question jurisdiction.[21]

## V. CONCLUSION

23    Bushman's attempt to assert a negligence claim against Stout is a transparent effort to destroy diversity  Bushman cannot as a matter of law recover on his claim because Stout owes no duty of reasonable care to Bushman. Stout's citizenship consequently must be disregarded for purposes of establishing diversity  Once Stout's citizenship is disregarded, there is complete diversity between Bushman and the remaining defendants. In addition, federal-question jurisdiction exists since Bushman's claims arise from conduct allegedly occurring on a federal enclave. Defendants therefore remove the State Court Action to this Court and request that the Court issue any orders necessary to stay proceedings in the state courts and assume jurisdiction over this action for all purposes.

Dated: June 15, 2001

---

[21] *Akin v. Ashland Chem. Co.*, 156 F.3d 1030, 1034 (10th Cir 1998); *Akin v. Big Three Indus., Inc.*, 851 F Supp. 819, 822 (E D. Tex. 1994), *see also Mater v. Holley*, 200 F.2d 123, 124–25 (5th Cir. 1952).

NOTICE OF REMOVAL - Page 9

Respectfully submitted,

*[signature]*

Herbert J. Hammond
  State Bar No. 08858500
Elizabeth A. Schartz
  State Bar No. 17727900
Anthony J. Campiti
  State Bar No. 00798092
Richard L. Wynne, Jr.
  State Bar No. 24003214

THOMPSON & KNIGHT L.L.P.
1700 Pacific Avenue, Suite 3300
Dallas, Texas 75201
Telephone: (214) 969-1700
Facsimile: (214) 969-1751

ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document was served on the plaintiff by certified mail, return receipt requested, to his attorneys of record, B. Buzz Deitchman, 14850 Montford, Suite 220, Dallas, Texas 75240, and Collin D. Porterfield, 370 Founders Square, 900 Jackson Street, Dallas, Texas 75201 on June 15, 2001.

*[signature]*

Herbert J. Hammond
Elizabeth A. Schartz

031421 000017 Dallas 1298559 1