


IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| BOYD BUSHMAN, | § § | |
| Plaintiff, | § § | |
| VS. | § § | NO. 4:01-CV-0498-A |
| LOCKHEED MARTIN CORPORATION, | § § § | |
| Defendant. | § | |

## PLAINTIFF'S MOTION FOR NEW TRIAL AND BRIEF IN SUPPORT

Plaintiff BOYD BUSHMAN moves the Court to grant a New Trial under Federal Rules of Civil Procedure 59(a)-(d) from the Court's Order of February 25, 2002 granting Defendant Lockheed Martin's Motion for Summary Judgment and submits his Brief in Support of his Motion for New Trial, as follows:

1. **Background and Grounds for the Motion**

   A. <u>The Court's ruling</u>
   1. The Court entered a final judgment on February 25, 2002 in favor of Defendant's Motion for Summary Judgment filed on November 30, 2001.

   2. The Court has dismissed with prejudice all of Plaintiff's claims as set out in his First Amended Complaint.

   B. <u>Court's Memorandum Opinion</u>
   The Court issued a memorandum opinion in which it addresses two (2) of Plaintiff's claims, breach of contract and negligence. The Court discusses in a foot note the theory of breach of fiduciary duty. However, the Court does not rule on the validity of the claim.

    C.    Grounds for the Motion

Plaintiff has three (3) grounds for his Motion:
1. The Court abused its discretion by not considering Plaintiff's Second Amended Complaint prior to making its ruling on Defendant's Motion for Summary Judgment;
2. There was a Manifest error of law;
3. There was a Manifest error of fact.

2. **The Court's Abuse of Discretion**

    A.    The Court Failed to Consider Plaintiff's Second Amended Complaint.

On February 11, 2002, the Plaintiff filed with the District Clerk his Motion for Leave to File Amended Pleading[1] and Second Amended Original Complaint[2]. The Motion and Complaint were both file-marked February 11, 2002, which was the last day set by the Court to file amended pleadings.

    B.    Legal Standard

Leave to amend pleadings "shall be freely given when justice so requires." Fed.R.Civ.P. 15(a)[3]  "Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason... is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the [F.R.C.P.}"[4]

    C.    No Ruling by Court

The Second Amended Complaint is file-marked by the District Clerk's office, although Plaintiff believes that this was done in error as the correspondence from counsel for Plaintiff clearly requested that if the Motion for Leave was granted then the Second Amended Complaint should be filed.[5]

---

[1] Appendix (1).

[2] Appendix (2).

[3] Federal Rules of Civil Procedure 15(a).

[4] Forman v Davis 371 US 178,182; Martin's Herend Imports, Inc. v. Diamond & Gun Trading, US Co. 195 F3d.765,770 (5th Cir 1999).

[5] February 8, 2002 Correspondence to District Clerk, Appendix 3.

**Plaintiff's Motion for New Trial and Brief In Support - Page 2.**

As of the date the Court entered the Final Judgment in favor of Defendant's Motion for Summary Judgment, February 25, 2002, the Motion for Leave to File Amended Pleading[6] and Second Amended Original Complaint[7] had been on file and before the Court for two (2) full weeks.

D.     <u>Second Amended Original Complaint Raises Meritorious Issues</u>

The Plaintiff attempted to set out his claims fully, before the last date allowed by the Court to file amended pleadings. In response to an ever growing awareness that his contractual claim for value added to the end product could not be established without overcoming daunting security issues, the Plaintiff dropped that claim in his Second Amended Complaint.

The Plaintiff set out in his Second Amended Complaint that certain of his inventions were specifically funded through demonstration money from the DOD, resulting in income to Lockheed Martin.[8] The Plaintiff sets out specific patents and the internal usage names for them in supporting his allegation that the Defendant received income for demonstration and the development money from the DOD based on his inventions. All inventions listed in Plaintiff's Second Amended Original Complaint at Page 5 were and are still covered by the Inventions Agreement. Plaintiff claims that he is due 20% of all income derived from the fact that Lockheed was selling rights in the inventions to the DOD.[9]

Plaintiff established a new cause of action in his Second Amended Original Complaint. However, he did not state any new facts, he merely set out the proper legal theory under which his claim arose. Plaintiff raises the claim of "Breach of Fiduciary Duty" as it relates to Defendant's negligence in not pursuing those companies and individuals who infringed upon Plaintiff's patents.[10]

---

[6]     Appendix 1.

[7]     Appendix 2.

[8]     Appendix 2.

[9]     Appendix 2.

[10]     Appendix 2, page 16.

**Plaintiff's Motion for New Trial and Brief In Support - Page 3.**

E. <u>Plaintiff is Prejudiced if Court Does Not Consider his Second Amended Original Complaint</u>

The Court made its ruling in favor of the Defendant's Motion for Summary Judgment based exclusively upon Plaintiff's First Amended Original Complaint. The Defendant filed its Disclosures after the First Amended Original Complaint was on file with the Court. Certain documents which were exclusively in the control of the Defendant were disclosed to Plaintiff. Based on the documents and the need to clarify the facts set out in Plaintiff's Response to Defendant's Motion for Judgment on the Pleadings and Motion for Summary Judgment, Plaintiff filed his Second Amended Original Complaint.

The Plaintiff had set out his claims with full factual support in his Second Amended Original Complaint. Had the Court considered Plaintiff's claims set out in his Second Amended Original Complaint, there would have been ample support in the pleadings for the facts raised in Plaintiff's Response to Defendant's Motion for Judgment or the pleadings, such response having been filed on January 11, 2002 among the various documents in the Court's file.

3. **There was a Manifest Error of Law**

A. <u>The Court Failed to Follow Established Law</u>

The Court had before it on February 11, 2002 the Plaintiff's Second Amended Original Complaint. The Court did not enter the final judgment in favor of Defendant's Motion for Summary Judgment until February 25, 2002, a full two (2) weeks after the Plaintiff's Motion for Leave to File Amended Pleadings was filed.

The Court disregarded FRCP 15 which provides that "...a party may amend the party's pleadings only by leave of Court or by written consent of the adverse party; <u>and leave shall be freely given when justice so requires.</u>"[11]

The failure of the Court to rule on Plaintiff's Motion for Leave to File Amended Pleadings and to therefore consider the allegations and causes of action set out in Plaintiff's Second Amended Original Complaint did not provide Plaintiff with his full opportunity to respond to Defendant's Motion for Summary Judgment.

---

[11] Federal Rules of Civil Procedure 15.

Defendant filed its Motion for Judgment on the Pleadings under FRCP 12(c). "When considering a Motion to Dismiss for failure to state a claim, the District Court must take the factual allegations of the complaint as true and resolve any ambiguities or doubts regarding the sufficiency of the claim in favor of the Plaintiff."[12]

The Court disregarded the intent of Rule 12(c) by failing to consider the Plaintiff's Second Amended Original Complaint which was clearly presented to the Court for consideration prior to the Court ruling in favor of Defendant on February 25, 2002. The error, as viewed by the Plaintiff, is that the Court did not affirmatively exclude the Second Amended Original Complaint. If the Second Amended Original Complaint was not excluded, then it should have been considered by the Court, prior to ruling on Defendant's Motion for Judgment on the Pleadings or Motion for Summary Judgment.

B. <u>Court Did Not Consider the Defendant's Breach of Fiduciary Duty</u>
In the Court's Memorandum Opinion and Order at Page 11, there is a footnote which speaks to the breach of fiduciary duty as set out in Plaintiff's Response to the Defendant's Motion for Summary Judgment. The Court states "Neither of these theories was pleaded by Plaintiff in the Amended Complaint. Nor are facts pleaded that would support relief on these grounds. Thus, summary judgment is not thwarted by the raising of these allegations in response to the Motion."[13]

It is clear that the Court had before it the Plaintiff's Second Amended Original Complaint which set out in specific terms the allegations giving rise to the claim of Breach of Fiduciary Duty on behalf of Defendant, yet the Court failed to consider the claim.

C. <u>The Court Did Not Consider the Contractual Claim of Plaintiff</u>
In the Court's Memorandum Opinion and Order, the Plaintiff's Breach of Contract claim is narrowly viewed. The Court notes that "... it once again appears that Plaintiff is attempting by his summary judgment response to change the basis for his theory of recovery."[14]

---

[12] Fernandez-Montes v Allied Pilots Assn, 987 F.2d 278, 284 (5th Cir 1993).

[13] Court's Memorandum Opinion and Order, Page 11.

[14] Court's Memorandum Opinion and Order at Page 12.

Plaintiff's Motion for New Trial and Brief In Support - Page 5.

Plaintiff's contractual claim is set out in his Second Amended Original Complaint which in summary claims that the Defendant received income as a direct result of the DOD paying demonstration money and additional development money using Plaintiff's inventions.

The uncontroverted evidence set out in Plaintiff's Response to Defendant's Motion for Summary Judgment is set out in the sworn testimony of Plaintiff. "It was the continual practice of my employer to collect income from the Department of Defense for 'demonstration' of my inventions. By collecting income for the use of my inventions for 'demonstration' purposes, the government had the opportunity to decide if the inventions were ones they wanted to continue independent funding of or funding to determine the applicability of adding the invention to existing weapons. The net effect of which would be the use of the inventions by the government to the exclusion of others by the DOD and branches of the military."[15]

The sworn testimony of Plaintiff sets out specific patents and actual dollars received by Defendant. Each fact stated by the Plaintiff in his sworn testimony is supported by the allegations set out in Plaintiff's Second Amended Original Complaint.

The Court refused to consider the claims of Plaintiff as they relate to the Breach of Contract and/or the Court applied an inapplicable law in making its decision. The Bayh-Dole Act 35 USC Sec 202 to 212 is not ruling as to the relationship between the inventions of Plaintiff and the receipt of income by Defendant. The uncontroverted summary judgment evidence is the sworn testimony of Plaintiff in which he states that the Defendant received income as a result of the use of his inventions. The Defendant confirms the relationship between the government funding and Plaintiff's inventions, "There does exist a classified government research and development contract that may have relationship to some aspect of one of Mr. Bushman's patented inventions."[16]

At a minimum, the Court erred by interpreting the Inventions Agreement in a manner which is too narrow, thereby not allowing for the obvious income received by Defendant directly related to the use of Plaintiff's inventions. Certainly a fact issue exists as to the nature of the relationship between the

---

[15] Affidavit of Boyd Bushman. Appendix to Plaintiff's Response to Defendant's Renewed Motion for Judgment on the Pleadings at page 2.

[16] Appendix of Lockheed's Motion to Dismiss the Declaration of John McGowan at Page 8, Paragraph 15.

**Plaintiff's Motion for New Trial and Brief In Support - Page 6.**

DOD and inventions on which it spends money. According to Plaintiff's sworn testimony, "The net effect of which would be the use of the inventions by the government to the exclusion of others by the DOD and branches of the military."[17]

4. **There Was A Manifest Error of Fact**

   A. The Court, in its Memorandum Opinion and Order, ruled that Plaintiff's negligence claim could not be supported. In ruling in favor of Defendant on this matter, the Court fails to recognize the relationship between Plaintiff and Defendant. Plaintiff as an employee had only two (2) choices when told that he was to give an interview to *Janes Defence Weekly*. He could comply or not and face disciplinary action or termination. The summary judgment evidence of Plaintiff is clear and uncontroverted, "I did not, at any time, discuss or convey in writing any classified material to Nick Cook at the time of the interview nor to any other person during my employment with Lockheed Martin."[18]

   The evidence of Plaintiff is uncontroverted and certainly raises a fact issue as to the due diligence demonstrated by Defendant in conducting its investigation. Once Defendant undertook the process of the investigation, it had a duty to Plaintiff not to conduct the investigation in a negligent manner.[19] Taking the testimony of Plaintiff on face value, it raises a fact issue as to the Defendant's refusal to issue a Letter of Compelling Need. "All information which would clear my name was provided by me to the security personnel of Lockheed Martin. I presented a Letter of Compelling Need to Lockheed Martin Vice President Dain Hancock for his signature. If signed, this letter would begin the process of the reinstatement of my Special Access Programs clearance. Mr. Hancock refused to sign the letter although I believe it had been done for other employees in the past."[20]

   B. <u>Fact As to Comparison of Negligence</u>
   If, as the facts suggest, neither Defendant nor Plaintiff contacted the

---

[17] Appendix to Plaintiff's Response to Defendant's Renewed Motion for Judgment on the Pleadings at Page 2.

[18] Ibid.

[19] Texas Farm Bureau v Sears 54 SW 3D 361.368-69 (TxApp-Waco 2001).

[20] Affidavit of Boyd Bushman. Appendix to Plaintiff's Response to Defendant's Renewed Motion for Judgment on the Pleadings at Page 6, Paragraph 16.

**Plaintiff's Motion for New Trial and Brief In Support - Page 7.**

appropriate authorities prior to the *Janes Defence Weekly* interviews and assuming that such authority was necessary then it is a clear fact issue for a jury to determine the percentage of negligence either party bore for the failure. The only opportunity for the Plaintiff to test his responsibility against that of the Defendant in the failure to contact the DOD, three (3) months prior to the interview[21] would be to put the facts before a jury and allow them to apportion negligence.

5.  **Conclusion**

For the foregoing reasons, Plaintiff Boyd Bushman asks the Court to grant his Motion for New Trial and reinstate his case on the Court's trial docket.

Dated: March 11, 2002.

>   Respectfully submitted,
>
>   */s/ B. Buzz Deitchman*
>   B. BUZZ DEITCHMAN
>   SBN 05720500
>   COLLIN D. PORTERFIELD
>   SBN 16159900
>   14850 Montfort Drive
>   Suite 220, LB-12
>   Dallas, Texas 75254
>   Telephone: 972-960-2600
>   Telecopier: 972-239-6696
>
>   ATTORNEYS FOR PLAINTIFF

---

[21]   Appendix to Defendant's Renewed Motion for Judgment on the Pleadings, Tab A and Tab B, NISP Operating Manual.

## CERTIFICATE OF SERVICE

This is to certify that I caused a true and correct copy of the above and foregoing document to be sent to all counsel of record by facsimile transmission and Certified Mail, Return Receipt Requested this 11th day of March 2002.

*B. Buzz Deitchman*

B. Buzz Deitchman